**No. 56841.**—Caswell Strauss & Co., Inc. *v.* United States, protest 170990–K (New York).

Opinion by LAWRENCE, J.   It was stipulated that certain items of the merchandise consist of lead scrap of which metal is the component material of chief value and that it is secondhand and fit only to be remanufactured.   Upon the agreed statement of facts, it was held that the merchandise comes within the provisions of Public Law 869, *supra*, and is properly entitled to free entry.

BEFORE THE SECOND DIVISION, SEPTEMBER 2, 1952

**No. 56842.**—Samuel Shapiro & Co., Inc., a/c Fabrikant Steel Products, Inc. *v.* United States, protest 170330–K (Baltimore).

Opinion by LAWRENCE, J.   It was stipulated that the merchandise in controversy consists of bronze scrap of which metal is the component material of chief value and that it is secondhand and fit only to be remanufactured.   Upon the agreed statement of facts, it was held that the merchandise comes within the provisions of Public Law 869, *supra*, and is properly entitled to free entry.

**No. 56843.**—Marconi International Marine Communication Co., Ltd. *v.* United States, protests 179682–K, etc. (New York).

Opinion by LAWRENCE, J.   It was stipulated that certain items of the merchandise consist of parts of radar equipment the same in all material respects as the radar equipment the subject of *United States* v. *United Geophysical Company* (38 C. C. P. A. 137, C. A. D. 451).   Upon the agreed statement of facts and following the authority cited, the radar equipment parts were held dutiable as claimed.